UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JERMAINE SAYLES,<br><br>                              Defendant. | Case No.:  18CR2278-CAB<br><br>Order Denying Motion For Transfer to Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3624 (c)(2)<br>[Doc. Nos. 612, 622] |

Before the Court is defendant Jermaine Sayles' motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), or for early release to home confinement under 18 U.S.C. §3624 (c)(2) in accordance with the Coronavirus Aid, Relief and Economic Security Action (CARES Act) directive issued by the U.S. Attorney General. [Doc. No. 612, 622.]

I.  Procedural Background

The defendant filed a motion requesting reduction in sentence or transfer to home confinement for the balance of his sentence on June 26, 2020. [Doc. No. 612.] The Court found the defendant had not demonstrated that he exhausted administrative remedies before filing his motion with the Court and instructed the defendant to provide evidence he had submitted a compassionate release request to the warden. [Doc. No. 615.] The defendant supplemented his motion as directed on July 21, 2020 with documentation that he submitted a request on May 14, 2020, to the warden for a sentence reduction or early release

to home confinement based on vulnerability to severe complications should he contract the COVID-19 virus while in custody. [Doc. No. 622, at 3.]

A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Thirty days having expired since the defendant submitted his May 14, 2020 request to the warden, the Court finds the defendant has exhausted administrative remedies and the Court may consider his motion on the merits. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado*, 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020).

The government filed an opposition to the defendant's motion on July 28, 2020. [Doc. No. 624.] Court finds the motion suitable for determination on the papers. The motion is DENIED without prejudice.

II. Case Background

The Defendant was sentenced on September 27, 2019 to 18 months in the custody of the Bureau of Prisons (BOP), followed by a three-year term of supervised release, on one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. Nos. 499, 500]. At this time, the government reports he has completed 57.9% of his term of incarceration and will be eligible for home confinement on December 13, 2020. [Doc. No. 624, at 4.]

Defendant pled guilty to participating in a conspiracy to distribute more than 20 kilograms of marijuana. The conspiracy involved shipping multi-kilogram quantities of marijuana from California to individuals in the eastern United States. Defendant's prior convictions included transportation, possession and sale of controlled substances (cocaine and methamphetamine) as well as felon in possession of firearms and prohibited ownership

of ammunition offenses.  The defendant was a documented gang member and had numerous probation violations. [Doc. No. 469.]  By age 31, he had accrued a criminal history score of 15 placing him in a criminal history category VI.

More recently however, the defendant became involved in positive community activity volunteering at his worship center to assist elderly members and mentoring at risk youth.  While on bond he maintained employment and although he has a long history of drug involvement, he remained clean and sober during his pretrial supervision.

At sentencing the Government recommended a sentence at the low end of the guidelines of 33 months. [Doc. No. 486.]  The Court considered all the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the need for general deterrence, the need to avoid unwarranted sentencing disparity, as well as the defendant's personal characteristics and other mitigating factors and sentenced the defendant to 18 months, the recommended sentence of his counsel. [Doc. No. 489.]

III.  Compassionate Release Considerations

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Court considered the § 3553(a) factors at the time of sentencing and those considerations remain largely unchanged.  The defendant was involved in a drug distribution conspiracy.  The Court sentenced him to a term well below the guidelines in consideration of the nature of the offense and his recent efforts to rehabilitate himself.

At the time of sentencing the coronavirus pandemic did not exist and the consequences it would have on incarcerated populations were not therefore considered by the Court.  The defendant asks for sentence reduction or early release to home confinement due to the COVID-19 virus and the dangers of exposure in the prison environment.

In support of his motion the defendant reports that during his custody he has been a model prisoner with no disciplinary incident reports. He is taking available classes and is employed in the maintenance department at his BOP institution, MDC-LA. He is a 39-year old African-American and is on medication to control his high blood pressure. [Doc. No. 612, at ¶¶ 9-11, 19.]

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement. He does not have a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility. USSG 1B1.13, cmt. n.1 (A).

Pursuant to the CARES Act, PLI 116-136, Section 12003(b)(2), however, the U.S. Attorney General issued a directive to the Director of the BOP to designate, upon considering the totality of the circumstances concerning each inmate, qualified inmates for home confinement to mitigate the risks of COVID-19 transmission in BOP institutions and for the safety of inmates most vulnerable to the virus and who pose the least threat to the community. [Doc. No. 624-1.] The directive identifies that for some inmates the risk of contracting the virus may present extraordinary and compelling reasons for early release to home confinement.

The CARES Act directive authorized the release of prisoners to home confinement who meet the following criteria: 1) demonstrate a suitable confinement plan; 2) pose no risk to society; 3) possess a low PATTERN score; and 4) have underlying CDC-defined health risks that make a defendant most vulnerable if exposed to the virus.

The defendant has not been recommended by the BOP for early release to home confinement pursuant to the CARES Act directive. Although he has presented a plan for a suitable confinement and represents that he is no longer a risk to society, he does not meet the CDC criteria of those most vulnerable to serious risk of complications if exposed to the virus, i.e., 65 or older, a chronic or serious medical condition such as cancer, diabetes or heart disease. The defendant is 39 years old, with high blood pressure, which the

medical records indicate is managed by medication.  Although untreated high blood pressure may increase the chance of complications if the defendant contracts the virus, this alone does not meet the CDC criteria of serious risk for complications placing the defendant in the "most vulnerable" category.

The Court finds that the defendant's circumstances do not meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or the CARES Act directive.  The defendant's concerns about potential exposure to the COVID-19 virus alone do not qualify as extraordinary and compelling reasons to reduce his sentence or transfer him to home confinement.

Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

8/5/2020

_____

Hon. Cathy Ann Bencivengo
United States District Judge